## STRONG ET AL. v. KNOX ET AL.

[No. 22,343. Filed June 23, 1914. Rehearing denied October 13, 1914.]

1. APPEAL.—*Assignment of Errors.—Grounds for New Trial.*— In a drainage proceeding which affected the property of certain railroad companies that were granted a new trial on their separate motions, remonstrators, who were denied a new trial and were also refused a change of venue from the judge, could not on appeal assign as independent errors the ruling of the court in granting a new trial to the railroad companies, and in denying the motion for change of judge, since such questions may be properly presented only by motion for a new trial. p. 279.

2. APPEAL.—*Record.—Disposition of Cause.*—Where the record on appeal from a judgment in a drainage proceeding showed such condition of affairs as to force the conclusion that the granting of a new trial to certain remonstrators on their separate motions had the effect to vacate the judgment appealed from by remonstrators whose motion for new trial was denied, a dismissal of the appeal is required. p. 280.

From Jay Circuit Court; *James S. Engle,* Judge.

Drainage proceedings on the petition of Thomas Knox and others, in which James A. Strong and others remonstrated. From a judgment establishing the drain, the remonstrators appeal. *Appeal dismissed.*

*Frank B. Jaqua* and *Charles E. Schwartz,* for appellants.
*Walter F. MacGinnitie, Charles H. Shockney* and *Theodore Shockney,* for appellees.

SPENCER, J.—This is a proceeding under §6140 *et seq.* Burns 1914, Acts 1907 p. 508, for the establishment of a certain drain in Jay and Delaware counties. Remonstrances were filed by appellants and, on the issues thus joined, there was a trial by the court which resulted in a finding and judgment that appellants' remonstrances should be overruled, that the report of the drainage commissioners, with certain minor modifications, should be approved, and that said drain should be established and constructed. This judgment was entered on May 8, 1912, and incorporated

certain agreements between the petitioners and two railroad companies whose lands would be affected by the proposed improvement. These agreements provided, in substance, that the assessments made by the drainage commissioners against said companies should be confirmed on condition that the railroads themselves should construct so much of the proposed ditch as crossed their rights of way and should receive therefor certain credits on said assessments. On June 6, 1912, appellants filed their motion for a new trial and on June 28, 1912, pending a ruling thereon, they moved to modify the original judgment by striking out the agreements relative to the assessments made against the railroad companies. This motion was sustained, whereupon the railroad companies filed separate motions for a new trial and these motions also were sustained. Subsequently, on September 2, 1912, appellants filed a motion and affidavit for a change of venue from the acting judge, which motion was overruled on December 6, 1912. Pending this ruling, however, appellants' motion for a new trial had been overruled, on October 24, and on November 18, appellants filed an appeal bond and took steps to perfect this appeal from the original judgment herein. It further appears from the record that on December 6, 1912, the issues were again tried by the court as to the two railroad companies and a judgment then entered reducing the assessments against said companies and approving in all other respects the original finding and order. No appeal from this judgment appears to have been taken.

Appellants' assignments of error are three in number: (1) that the court erred in overruling their motion for a new trial; (2) that the court erred in granting a new trial to the two railroad companies; and (3) that the court erred in refusing to grant appellants a change of judge. Of these assignments the second and third may be properly presented only as grounds of a motion for a new trial.

The procedure adopted in this action was in many respects irregular and some difficulty exists in determining what questions, if any, are properly presented for our determination. The nature of the proceeding, however, and the consequent interdependence of the rights of each party thereto on the rights of each of the other parties with respect to the assessments made, forces us to the conclusion that the granting of a new trial as to the railroad companies had the effect of vacating the original judgment in the case and of reopening the issues as to all of the parties involved. It is true that the record fails to show that any evidence was introduced at the second trial except as to the remonstrances filed by the railroad companies but the judgment therein again confirmed the assessments against appellants and it is from this judgment that the appeal should have been taken. Since the record shows that the judgment appealed from has been vacated, no question is properly presented for our consideration and the appeal must be dismissed. Appeal dismissed.

Morris, J., not participating.

Note.—Reported in 105 N. E. 776. See, also, under (1) 29 Cyc. 752: (2) 3 Cyc. 188.